```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/11/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PHILIP BALDWIN

               Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY

               Defendant.
------------------------------------------------------------X

12-cv-08498 (NSR) (JCM)

ORDER ADOPTING REPORT
AND RECOMMENDATION

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Philip Baldwin ("Plaintiff"), proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 405(g) following the Social Security Administration's ("SSA") initial denial of his application for disability benefits. Plaintiff now seeks a reversal of the SSA's denial or a remand for reconsideration.

    This case was previously referred to Magistrate Judge Judith C. McCarthy. Currently pending in this case is Defendant's motion to affirm the Commissioner's decision and dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(c). On November 24, 2015, Magistrate Judge McCarthy issued a Report and Recommendation ("R&R"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that Defendant's motion be denied. For the following reasons, the Court adopts Magistrate Judge McCarthy's R&R in its entirety, Defendant's motion for judgment on the pleadings is DENIED, and the matter is remanded for further proceedings.

## BACKGROUND[1]

    On or about March 26, 2009, Plaintiff filed for Supplemental Security Income (SSI) claiming that due to a disability, he had not been able to work since October 1, 2007. On April

---

[1] Facts are taken from the R&R, unless otherwise noted.

Copies mailed/faxed 3/11/2016
Chambers of Nelson S. Román, U.S.D.J.

26, 2009, his application was denied. Plaintiff subsequently requested a hearing which was held before an Administrative Law Judge ("ALJ") on October 15, 2010.

Plaintiff contended that due to his mental impairments, he was unaware of his financial resources. Accordingly, Plaintiff submitted to SSA, medical reports demonstrating his mental condition. The Record indicates that Plaintiff did suffer from psychiatric difficulties though the experts gave conflicting reports. Plaintiff also signed authorizations for bank records which indicated that he had more than $2,000 in resources available from March 2009 onward. Specifically, the ALJ asked the Plaintiff to describe what happened to the $76,000 that was indicated on the bank record dated June of 2008. Plaintiff maintained that he did not know how he spent that money. However, he communicated that he believed that a woman he had lived with stole some cash and also forged checks in his name. Such allegations were never reported to the police. The ALJ asked Plaintiff to produce bank records demonstrating what happened to the $76,000 and complete psychiatric medical records. Prior to the issuing of the decision, the ALJ advised Plaintiff that he could request a supplemental hearing based on additional evidence but Plaintiff did not respond.

On February 23, 2011, the ALJ denied Plaintiff's claim. Plaintiff timely requested review and asked that the Appeals Council consider new evidence of his mental impairments. That request was denied on September 27, 2012. Consequently, SSA's decision became final.

On November 19, 2012, Plaintiff commenced the instant action seeking either a reversal of the SSA's determination or a remand to the SSA for a reconsideration of the evidence. On January 15, 2014, Defendant moved for a judgment on the pleadings. Plaintiff did not file opposition papers.

On November 24, 2015, Magistrate Judge McCarthy issued the R & R recommending that this Court deny Defendant's motion for judgment on the pleadings. Neither party has filed written objections to the R&R.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## DISCUSSION

Here, as neither party objected to the R&R issued by Magistrate Judge McCarthy, the Court reviews the recommendation for clear error. The Court finds no error on the face of the R&R, and thus adopts Magistrate Judge McCarthy's R&R in its entirety.

It is not clear whether the SSA followed the guidelines as set forth in the Program Operations Manual System ('POMS"). Accordingly, it is also unclear whether the SSA followed the appropriate legal standards in obtaining necessary evidence. The case is to be remanded to the Commissioner in order to 1) review whether POMS guidelines were satisfactorily followed and 2) to obtain information from the bank regarding Plaintiff's allegation that money was stolen from him. Absent such information, the Court cannot defer to the findings of the agency.

## CONCLUSION

For the reasons stated above, the Court adopts Magistrate Judge McCarthy's Report and Recommendation in its entirety, and Defendant's motion to dismiss on the pleadings is DENIED and the case is remanded to the Commissioner for further proceedings consistent with this opinion.

Dated:   March 11, 2016
        White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge